IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN WAYNE PRENTICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-22-00053-JD |
| | ) |
| STEVEN HARPE, | ) |
| | ) |
| Respondent.[1] | ) |

**ORDER**

Before the Court is United States Magistrate Judge Gary M. Purcell's Supplemental Report and Recommendation [Doc. No. 22] regarding Petitioner Justin Wayne Prentice's ("Prentice") Petition for Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 [Doc. No. 1]. Judge Purcell also had the benefit of Prentice's brief in support of the petition and exhibits [Doc. No. 3], Respondent's Response to the petition and exhibits [Doc. No. 15], the state court records [Doc. Nos. 16, 18], Prentice's objection to the Response [Doc. No. 19], and notices filed by Prentice [Doc. Nos. 20, 21].

The Report and Recommendation recommends that the Court deny the petition to the extent Prentice challenges his conviction and sentence for Lewd or Indecent Acts to a Child Under Sixteen (Case No. CF-2017-686) and dismiss the petition as untimely

---

[1] The current executive director of the Oklahoma Department of Corrections is Steven Harpe. Under Rule 2(a) and Federal Rule of Civil Procedure 25, the Court substitutes Steven Harpe as Respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

without prejudice to the extent Prentice challenges his conviction and sentence for Domestic Assault and Battery with a Dangerous Weapon (Case No. CF-2014-331).

The Report and Recommendation gave the parties an opportunity to object but warned that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." [Doc. No. 22 at 38] (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Both Prentice and Respondent filed objections to the Report and Recommendation [Doc. Nos. 23, 24, 25].

The Court reviews the objected-to portions of the Report and Recommendation de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review").

Having conducted its review of the Report and Recommendation under the appropriate legal standards, the Court concludes that (1) Prentice's objection should be overruled and Respondent's objection should be sustained, and (2) the Report and Recommendation should be accepted as modified in this Order.

I.    BACKGROUND

    A. CF-2014-331: Domestic Assault and Battery with a Dangerous Weapon

On May 18, 2015, Prentice was convicted of Domestic Assault and Battery with a Dangerous Weapon in Garfield County, Oklahoma, CF-2014-331, after entering a guilty

plea. Prentice received a five-year deferred sentence. On June 21, 2016, the State of Oklahoma filed an amended application to accelerate Prentice's deferred sentence. On June 22, 2017, Prentice stipulated to the application, and he was sentenced to a term of five years with all but the first year suspended, pursuant to the rules and conditions of probation entered by the Court.

### B. CF-2017-686: Lewd or Indecent Acts with a Child Under 16

On December 27, 2017, Prentice was charged with Lewd or Indecent Acts to a Child Under Sixteen. As a result, on December 28, 2017, the State filed a motion to revoke his suspended sentence in his previous criminal case. The State amended the application on January 9, 2018. On August 30, 2018, the state court granted the State's application, revoking Prentice's previously suspended sentence.

Following a jury trial on his Lewd or Indecent Acts to a Child Under Sixteen charge, Prentice was convicted and sentenced to twenty-five years of imprisonment. On appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction and sentence. On January 19, 2022, Prentice filed this petition.[2]

## II. LEGAL STANDARDS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court can only set aside a state court decision "on federal habeas review . . . if it is 'contrary to, or involved an unreasonable application of, clearly established Federal law,

---

[2] Prentice's state court proceedings are publicly available on the Oklahoma State Courts Network, at www.oscn.net. The Report and Recommendation references these dockets. *See* [Doc. No. 22 at 2 n.1 & n.2].

as determined by the Supreme Court of the United States.'" *Tally v. Ortiz*, 252 F. App'x 248, 254 (10th Cir. 2007) (unpublished) (quoting *Fry v. Pliler*, 551 U.S. 112, 119 (2007)). In this situation, "§ 2254(d) requires 'state court decisions be given the benefit of the doubt.'" *Id.* (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). Indeed, this Court is "required to 'presume the correctness of state courts' factual findings unless applicants rebut this presumption with clear and convincing evidence.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007)). "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Duncan v. Walker*, 533 U.S. 167, 178 (2001) (alteration added) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)).

### III. ANALYSIS

In his objection, Prentice argues that he was wrongly convicted and imprisoned since kissing is not punishable conduct under Okla. Stat. tit. 21, § 1123. Accordingly, he argues his suspended sentence was wrongly revoked.[3] In Respondent's objection, Respondent argues that Prentice's petition should be dismissed with prejudice as untimely to the extent it challenged his conviction and sentence for Domestic Assault and Battery with a Dangerous Weapon.

Regarding Prentice's objection, the Court agrees with the findings and conclusions of the Report and Recommendation submitted by Judge Purcell. Despite Prentice's

---

[3] Prentice's contention with respect to Case No. CF-2014-331 is styled in the petition as "if CF-2017-686 never exist[ed], I would have a clean record . . . ." [Doc. No. 1 at 14]. He makes the same contention in his objection, that but for Case No. CF-2017-686, "the CF-2014-331 case would be like I never violated the rules and condition, and not tolled but ready for expungement." [Doc. No. 23 at 2]. The Report and Recommendation concluded that the challenge to CF-2014-331 is untimely.

4

arguments, he has not shown that the state court decision is contrary to clearly established federal law. As the Report and Recommendation noted, during trial, the State presented evidence that Prentice touched M.W. and committed lewd or indecent acts with her. And even Prentice specifically admitted that he knew M.W. was nine years old and that he used his tongue in the third kiss between himself and M.W. This evidence clearly supports a finding that Prentice's conviction under Okla. Stat. tit. 21, § 1123 is not contrary to established federal law.

The Report and Recommendation correctly concluded that Prentice's petition in regard to his Domestic Assault and Battery with a Dangerous Weapon conviction was untimely. The Court agrees with the Report and Recommendation that Prentice failed to file for habeas relief within the one-year limitation period of 28 U.S.C. § 2244(d)(1), and that no extraordinary circumstances justified tolling of the limitations period. However, the Court agrees with Respondent that the petition should be dismissed with prejudice. *See Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying a certificate of appealability and dismissing an untimely § 2254 habeas petition with prejudice); *see also Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a [§ 2254 habeas] petition as time barred operates as a dismissal with prejudice . . . .").

Based on its de novo analysis of the specific objections raised to the Report and Recommendation, the Court overrules Prentice's objection and sustains Respondent's objection.

## IV. <u>APPEALABILITY</u>

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Prentice must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Prentice can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (where a claim has been rejected on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). The Court finds that Prentice has not met the required showing. Consequently, the Court declines to issue a certificate of appealability.

## V. <u>CONCLUSION</u>

The Court ADOPTS the Report and Recommendation [Doc. No. 22] as MODIFIED for the reasons stated therein and in this Order. To the extent Prentice's petition challenges his conviction and sentence for Lewd or Indecent Acts to a Child Under Sixteen (Case No. CF-2017-686), the Court DENIES his petition. To the extent Prentice's petition challenges his conviction and sentence for Domestic Assault and

Battery with a Dangerous Weapon (Case No. CF-2014-331), the Court DISMISSES[4] Prentice's claims as untimely with prejudice. A certificate of appealability is DENIED.

IT IS SO ORDERED this 24th day of June 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[4] On January 30, 2023, Prentice filed a notice asking the Court to stay these proceedings. [Doc. No. 26]. He argued that, since he filed his petition, the Oklahoma legislature has passed Okla. Stat. tit. 22, § 1080, and he now needs a chance to exhaust his remedies under that statute. However, "stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.*" *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (emphasis added). As evidenced by the analysis in the Report and Recommendation and this Order, Prentice's claims "are plainly meritless." Thus, the Court declines the request in the notice.